**O. HODGKINS SALES CORPORATION**
d/b/a Minicost Car Rental Company

v.

**CHRYSLER CORPORATION et al.**

Civ. A. No. 67–401–F.

United States District Court,
D. Massachusetts.

June 16, 1971.

James M. Malloy, Malloy, Sullivan & Sullivan, Ralph W. Sullivan, Boston, Mass., for plaintiff.

Leon J. Kowal, Kowal & Kowal, Boston, Mass., for Avis Rent-a-Car System, Inc., and Gen. Rental Co.

George B. Rowell, Samuel Adams, Warner, Stackpole, Stetson & Bradlee, Boston, Mass., for defendants Chrysler Corp., and Chrysler Leasing Corp.

John R. Hally, James P. Lynch, Jr., Nutter, McClennen & Fish, Boston, Mass., for defendant Tel. & Tel. Corp.

## MEMORANDUM

FRANCIS J. W. FORD, District Judge.

This is an anti-trust suit for treble damages brought under Sections 1 and 2 of the Sherman Act and Title 15 of the United States Code, Clayton Act. Defendants Chrysler Leasing Corp., Avis, Inc., Avis Rent-A-Car System, Inc., and General Rental Company have filed motions for summary judgment.

### Findings

The Court finds after hearing that the affidavits, depositions and documents submitted by the various parties do not set forth specific facts showing that there is a genuine issue of material fact for trial of Count I of the plaintiff's complaint on the merits.

The Court does not find any probative evidence to support the allegations in the plaintiff's complaint that the Chrysler Leasing Corporation engaged in any conspiracy with Avis, Inc., et als to eliminate the plaintiff from competition in the vehicle rental market or monopolize or attempt to monopolize in favor of Avis et als' interstate trade in Chrysler cars. In this connection, the Court can find no evidence that the Chrysler Corporation communicated with Avis et als at any time concerning plaintiff or dis-

cussed plaintiff with Avis, Inc., or the General Rental Company (Avis licensee in the metropolitan area which had entered into a lease agreement with Chrysler Leasing Corporation in 1963). Avis Rent-A-Car System, Inc., entered into its lease agreement with Chrysler in 1964. Plaintiff entered into its agreement with Chrysler Corporation in 1963, renewed in 1964.

■ The main thrust of Minicost's complaint is that plaintiff's lease agreement with Chrysler Leasing Corporation was wrongfully terminated because of a conspiracy, attempted monopolization and monopoly by defendants to eliminate plaintiff in the vehicle rental market.

However, this Court finds the lease agreement with Minicost was lawfully terminated July 25, 1966, for purely business reasons; that it was not wrongfully terminated; that it was terminated for breaches by plaintiff of its leasing contract with Chrysler; that the plaintiff was deeply in debt to Chrysler in its account. The Court finds the termination of July 25, 1966, was unilateral, had nothing to do with the other named defendants and was not the product of any conspiracy to restrain trade or monopolize or attempt to monopolize in favor of Avis' interstate trade in the leasing of Chrysler product cars. (See Lease Agreement of Minicost # 14, Default and Termination; Quinn v. Mobil Oil, 375 F.2d 273, 1CA, Crawford Transport Co. v. Chrysler, 6 Cir., 338 F.2d 934, 940.)

■ The plaintiff, Minicost, takes nothing by the allegations in its complaint that the Chrysler Leasing Corporation wrongfully detained deliveries to Minicost; that it forced Minicost to purchase Chrysler vehicles; that it gave discriminatory advertising allowances to Avis; that Chrysler terminated its arrangement with Minicost because Minicost was cutting its renting fees (see plaintiff's complaint, paragraphs 11a–e). These allegations are merely conclusory, pleadings without factual foundation and cannot be relied upon since the 1933

amendment to Rule 56, F.R.Civ.P. to defeat a motion for summary judgment (see Rule 56(e), F.R.C.P.). Further, the Court finds there is no probative evidence to support these alleged acts as shown by defendants' affidavits, depositions and documents. See First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288(9) (90), 88 S.Ct. 1575, 20 L.Ed.2d 569; 6 Moore Federal Practice, 2nd Edition 1966, #5622(2) at page 1281.

### Conclusion

Motion for summary judgment of Chrysler Leasing Corporation is granted as to Count I of plaintiff's complaint; denied as to Count II.

Motion for summary judgment of Avis, Inc., Avis Rent-A-Car System, Inc., and General Rental Company granted as to Count I.